IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW G. SHANK, | : |
| | : |
| Petitioner, | : CIVIL ACTION NO. 4:CV-04-0444 |
| | : |
| v. | : (Judge Jones) |
| | : |
| BUREAU OF PRISONS, et al., | : |
| | : |
| Respondents. | : |

## MEMORANDUM AND ORDER

August 15, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Andrew G. Shank ("Shank"), an inmate presently confined in the federal prison camp of the United States Penitentiary in Lewisburg, Pennsylvania ("FPC-Lewisburg"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges the Bureau of Prisons' decision to deny him admission into its 500-hour Residential Drug Abuse Program. (Rec. Doc. 1). By Order dated October 15, 2004, this Court denied Petitioner's Motion for Appointment of Counsel. (Rec. Doc. 24). Presently before the Court is Petitioner's Motion for Reconsideration of this Court's October 15, 2004 Order. (Rec. Doc. 25). For the reasons set forth below, the Motion will be denied.

**DISCUSSION:**

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Massachusetts Mutual Life Insurance Co. v. Maitland, Civil No. 87-0827 (M.D. Pa. March 1, 1989) (Rambo, J.). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a

means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus. Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995).

> Upon review of the Motion and response thereto, the following was concluded:
>
> As an initial matter, the petition appears to have arguable merit. However, Shank fails to set forth circumstances warranting appointment of counsel. Tabron, supra, at 155-56. In his pleadings, Shank demonstrates the ability to present comprehensible arguments. The legal issues in this case are relatively clear and will not require expert testimony. Furthermore, despite his incarceration, investigation of the facts does not seem beyond Shank's capabilities.

(Rec. Doc. 24 at 3).

Petitioner's Motion for Reconsideration fails to demonstrate that there has been an intervening change in the law, that there is newly discovered evidence, or that there has been a clear error of law or manifest injustice committed. Rather, Petitioner seeks only to expand upon the same claims raised in his initial motion for appointment of counsel. Shank does not raise or set forth any arguments in his motion for reconsideration that call into question our order of October 15, 2004. That order is not troubled by manifest errors

of law or fact and Shank has not presented anything new, which if previously presented, might have affected our decision.  Consequently, the Motion will be denied.

**THEREFORE T IS HEREBY ORDERED THAT:**

Petitioner's Motion for Reconsideration (Doc. 25) is DENIED.

S/ John E. Jones III  
JOHN E. JONES III  
United States District Judge