IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW G. SHANK, | : |
| Petitioner, | : CIVIL ACTION NO. 4:CV-04-0444 |
| v. | : (Judge Jones) |
| BUREAU OF PRISONS, et al., | : |
| Respondents. | : |

**MEMORANDUM AND ORDER**

August 23, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Andrew G. Shank ("Shank"), an inmate formerly confined in the federal prison camp of the United States Penitentiary in Lewisburg, Pennsylvania ("FPC-Lewisburg"), filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. He challenges the Bureau of Prisons' decision to deny him admission into its 500-hour Residential Drug Abuse Program. (Rec. Doc. 1). For relief, he seeks a credit of one year against his sentence for the illegal denial of admission into the Drug Abuse Program, and immediate placement in a halfway house or home confinement for the balance of his sentence. Id.

On August 15, 2005, the Respondent filed a response to the Petition requesting that the Petition be dismissed as moot based upon Shank's release from custody on

July 29, 2005. (Rec. Doc. 28). For the reasons set forth below, the Petition will be dismissed as moot.

## DISCUSSION:

Article III of the Constitution provides that the "judicial Power shall extend to... Cases... [and] to Controversies." U.S. Const. art. III, § 2. "This grant of authority embodies a fundamental limitation restricting the federal courts to the adjudication of actual, ongoing cases or controversies." Khodara Envtl., Inc. v. Beckman, 237 F.3d 186, 192-93 (3d Cir. 2001). The mootness doctrine is centrally concerned with the court's ability to grant effective relief: "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). Moreover, the requirement that an action involve a live case or controversy extends through all phases of litigation, including appellate review. See Khodara Envtl., Inc., 237 F.3d at 193 (citing Lewis v. Continental Bank Corp., 494 U.S. 472 (1990); County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001).

Shank's Petition for a Writ of Habeas Corpus has been rendered moot by virtue

2

of the his release from the Bureau of Prisons via Good Conduct Time on July 29, 2005. (Rec. Doc. 28). As there is no longer a live case or controversy, the Petition will be dismissed as moot.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Petition for a Writ of Habeas Corpus (Rec. Doc. 1) is DISMISSED as moot based upon Shank's July 29, 2005 release.

2. The Clerk of Court is directed to close the file on this case.

JOHN E. JONES III
United States District Judge